UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:17-cv-00504-MOC
(CRIMINAL CASE NO. 3:16-cr-00074-DSC-3)

| LAMANUEL WYNN, | ) |
| --- | --- |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) **ORDER** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court on the Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255 [CV Doc. 1],[1] Petitioner's Motion to Amend his Motion to Vacate [CV Doc. 5], and the Government's Motion for Leave to file a Surreply [CV Doc. 14]. The Petitioner is represented by Jared Paul Martin of the Federal Defenders of Western North Carolina.

**I.   BACKGROUND**

Around 7:30 p.m. on January 15, 2016, Lamanuel Wynn ("Petitioner") and Reginald Tate entered an Advance Auto Parts store in Gastonia, North Carolina. [CR Doc. 139 at ¶ 5: Presentence Investigation Report (PSR)]. Both men were brandishing firearms. Id. A manager was assisting a customer in one of the aisles. Id. at ¶ 6. Petitioner grabbed the customer by the back of the jacket, racked his gun, and pointed it at the customer's back. Id. Wynn then aimed his gun directly at the manager's head. Id. Petitioner directed the manager and the customer to lie down on the floor. Id. He took the customer's wallet, phone, and keys from his pocket, and stole the cash from

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:17-cv-00504, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:16-cr-00074-RJC-DSC-3.

his wallet. Id.

Meanwhile, Tate forced a store employee to the ground, took the employee's wallet, and demanded that the employee "take [him] to the money." Id. at ¶ 5. The employee said he was unable to open the safe, but that the store manager could open it. Id. Tate told the manager to get up and open the cash registers and safe. Id. at ¶ 7. Both Petitioner and Tate held their guns on the manager, who opened the safe. Id. Petitioner and Tate took the cash from the safe and, although the manager also entered the code to open a second locked compartment in the safe, the robbers fled before the second compartment, which was on a time delay, unlocked. Id.

On March 17, 2016, Petitioner was charged in a Bill of Indictment with one count of conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951 (Count Four); one count of aiding and abetting Hobbs Act robbery in violation of 18 U.S.C. §§ 1951 and 2 (Count Five); and one count of aiding and abetting the brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c) and 2 (Count Six). [CR Doc. 3: Indictment]. Count Six, which is implicated in the motion before the Court, reads as follows:

> On or about January 15, 2016, in Gaston County, within the Western District of North Carolina, the defendants [Tate, Petitioner, Dnasia Racquel Smith, and Treaja Ariell Bailey] aiding and abetting each other, **during and in relation to a crime of violence, that is, the violation of Title 18, United States Code, Section 1951 set forth in Count Four, and the violation of Title 18, United States Code, Sections 1951 and 2 set forth in Count Five**, for which they may be prosecuted in a court of the United States, did knowingly, and unlawfully use and carry one or more firearms, and, in furtherance of such crime of violence, did possess said firearms.

[CR Doc. 3 at 4-7 (emphases added)]. As noted, Count Four is Hobbs Act conspiracy and Count Five is aiding and abetting Hobbs Act robbery.

The parties agreed to a plea agreement pursuant to which Petitioner agreed to plead guilty to Counts Four and Six and the Government agreed to dismiss Count Five. [CR Doc. 89 at 1: Plea

2

Agreement]. In the plea agreement, Petitioner stipulated to the factual basis that was filed with his plea agreement and that the factual basis could be used by the Court and the United States Probation Office to determine the applicable guideline range or the appropriate sentence under 18 U.S.C. § 3553(a). [Id. at 4]. Petitioner pleaded guilty in accordance with the plea agreement. [CR Doc. 93: Acceptance and Entry of Guilty Plea]. Before Petitioner's sentencing, a probation officer prepared a Presentence Investigation Report (PSR). [CR Doc. 139: PSR]. The probation officer found Petitioner's criminal history category to be V and his Total Offense Level to be 17. [Id. at ¶¶ 17, 42]. Petitioner's statutory term of imprisonment for Count Six was a minimum of seven years to life. 18 U.S.C. 924(c). The resultant guidelines range for imprisonment was a term of imprisonment of 46 to 57 months followed by the mandatory consecutive sentence of seven years. [Id. at ¶¶ 60-62].

Petitioner's sentencing hearing was held on November 17, 2016. The Court sentenced Petitioner to a term of imprisonment of 46 months on Count Four and a term of 84 months on Count Six, to be served consecutively to the term imposed on Count Four, for a total of 130 months' imprisonment. [CR Doc. 193 at 2: Judgment]. Judgment on this conviction was entered on December 2, 2016. [Id.]. Petitioner did not directly appeal his conviction.

On August 21, 2017, Petitioner filed a pro se Motion to Vacate Sentence under 28 U.S.C. § 2255. [CV Doc. 1]. As grounds for his motion, Petitioner states: (1) "§ 1951(A)(b)(1) is not a crime of violence and [Petitioner] is actually innocent of 924(c)(1)(A);" (2) the "charging document does not explicitly express use, attempted use, or threaten use of 'physical force;'" (3) "§ 1951 conspiracy is categorically non-violent;" and (4) "§ 1951(b)(1) robbery is categorically

3

non-violent."[2]  [Id. at 4-8].  The Court conducted an initial screening of Petitioner's motion and ordered the Government to respond.  [CV Doc. 2].  On the Government's request, the Court then stayed the matter pending the Fourth Circuit's decision in United States v. Ali, No. 15-4433.  [CV Doc. 3, 4].  Petitioner moved to amend his motion to vacate to assert an additional claim based on ineffective assistance of counsel for failure to inform Petitioner of Ali during plea bargaining and sentencing.  [CV Doc. 5].  The Fourth Circuit then stayed Ali pending the decision of the Supreme Court in United States v. Davis, No. 18-431.  The Supreme Court decided Davis on June 24, 2019.  Thereafter, the Court granted Petitioner's motion to lift the stay.  [CV Doc. 6, 7].  The Government timely filed its response to Petitioner's § 2255 motion to vacate.  [CV Doc. 9].  At this point, counsel from the Federal Defenders of Western North Carolina made an appearance and filed a supplemental memorandum and reply to the Government's response.  [CV Doc. 13].  In this supplement, Petitioner argued, for the first time, that the predicate crime of violence for his § 924(c) conviction, was only Hobbs Act conspiracy, not Hobbs Act robbery and Hobbs Act conspiracy.  [Id.].  Finally, the Government filed a surreply together with an unopposed motion for leave to do so.  [CV Docs. 14, 15].

This matter is now ripe for disposition.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether the petitioner is entitled to any relief on the claims set forth therein.  After examining the record in this matter, the Court finds that the motion to vacate

---

[2] The Court will address these alleged grounds for relief as two claims: Petitioner's claim regarding the validity of Petitioner's § 924(c) conviction and Petitioner's claim regarding the insufficiency of the Indictment.

4

can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

### A. Petitioner's Motion to Vacate

Under 28 U.S.C. § 2255, a petitioner is entitled to relief when his original sentence "was imposed in violation of the Constitution or laws of the United States, or [when] the court was without jurisdiction to impose such sentence." 28 U.S.C. § 2255(a). In short, Petitioner argues he is entitled to relief on these grounds because, under Johnson v. United States, 135 S. Ct. 2551 (2015), his § 924(c) conviction on Count Six was imposed in violation of the Constitution and laws of the United States because Hobbs Act robbery and Hobbs Act conspiracy are not crimes of violence.[3] [See CV Doc. 1].

In Johnson, the Supreme Court struck down the Armed Career Criminal Act's (ACCA) residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague and held that enhancing a sentence under the ACCA's residual clause violates due process. Johnson, 135 S. Ct. at 2563. The ACCA residual clause defined a "violent felony" to include any crime punishable by a term of imprisonment exceeding one year that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). Accordingly, under Johnson, a defendant who was sentenced to a statutory mandatory minimum term of imprisonment

---

[3] Throughout Petitioner's motion, he references § 1951(a) and § 1951(b)(1) as though § 1951(a) sets forth Hobbs Act conspiracy and § 1951(b)(1) sets forth substantive Hobbs Act robbery. This is inaccurate. Section 1951(a) sets forth both offenses. 28 U.S.C. § 1951(a) ("Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to so, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both."). Section 1951(b)(1) defines "robbery" for purposes of subsection (a). 18 U.S.C. § 1951(b)(1). In any event, it is apparent from Petitioner's motion that he understands that his § 924(c) conviction is predicated on both offenses.

5

based on a prior conviction that satisfies only the residual clause of the "violent felony" definition is entitled to relief from his sentence. The Supreme Court has held that <u>Johnson</u> applies retroactively to claims asserted on collateral review. <u>Welch v. United States</u>, 136 S. Ct. 1257, 1265 (2016).

Petitioner was sentenced after <u>Johnson</u>. Petitioner, however, did not directly appeal his conviction or sentence. A § 2255 motion is a not a substitute for a direct appeal. <u>See</u> <u>United States v. Linder</u>, 552 F.3d 391, 397 (4th Cir. 2009). Claims of error that could have been raised before the trial court and on direct appeal, but were not, are procedurally barred unless the petitioner shows both cause for the default and actual prejudice, or that he is actually innocent of the offense. <u>See</u> <u>Bousley v. United States</u>, 118 S. Ct. 1604, 1611 (1998). Because Petitioner has not shown cause and prejudice, or that he is actually innocent, Petitioner's <u>Johnson</u> claim is barred.

Even if Petitioner's claim could be resolved on the merits, it would fail.

Petitioner argues that his § 924(c) conviction is invalid under <u>Johnson</u>. Section 924(c) criminalizes the use of a firearm in furtherance of a "crime of violence." Under § 924(c), a crime is one of violence if it either "has an element the use, attempted use, or threatened use of physical force against the person or property of another," (the "force clause") or "by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "residual clause"). 18 U.S.C. § 924(c)(3)(B).

In <u>United States v. Davis</u>, 139 S. Ct. 2319 (2019), the Supreme Court specifically held the residual clause of § 924(c)'s definition of "crime of violence" is "unconstitutionally vague." 139 S. Ct. at 2336. As such, if Petitioner's motion were not procedurally barred, Petitioner's conviction on Count Six is valid if Hobbs Act conspiracy or aiding and abetting Hobbs Act robbery qualify as a "crime of violence" under § 924(c)'s force clause. After <u>Davis</u>, the Fourth Circuit squarely

6

held that "Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)." United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019). Aiding and abetting Hobbs Act robbery is no different. See United States v. Steward, 2019 WL 6875294, *1 (4th Cir. Dec. 17, 2019) (citing Mathis for the proposition that aiding and abetting Hobbs Act robbery is a crime of violence).

Petitioner, in his supplemental memorandum, argues for the first time that his guilty plea to the § 924(c) charge was "predicated [only] on the 'least serious' charge of Hobbs Act conspiracy," not on Hobbs Act robbery.[4] [CV Doc. 13 at 3 (citing United States v. Chapman, 66 F.3d 220, 227 (4th Cir. 2012) and United States v. Vann, 660 F.3d 771, 774 (4th Cir. 2011)]. Petitioner argues that Vann and Chapman "establish that where an indictment charges alternative elements of a statute in the conjunctive, the defendant does not necessarily admit both sets of elements by pleading guilty." [Id.]. Rather, "when a defendant pleads guilty to a formal charge in the indictment which alleges conjunctively the disjunctive components of a statute, the rule is that the defendant admits to the least serious of the disjunctive statutory conduct." [CV Doc. 13 at 4 (citing Chapman, 66 F.3d at 227-28)]. Chapman and Vann, however, do not apply here.

Vann involved a direct appeal of the application of an ACCA sentencing enhancement for three previous convictions under North Carolina's indecent liberties statute, N.C.G.S. 14-202.1, the violation of which the district court found to be a violent felony. 660 F.3d at 772. Section 14-202.1(a) provides, in pertinent part, that "[a] person is guilty of taking indecent liberties with children if, being 16 years of age or more and at least five years older than the child in question, he either:"

> (1) Willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex under the age of 16

---

[4] Although Petitioner does not timely present this argument and did not move to amend his Section 2255 petition to include this claim, the Court addresses it in any event for the sake of a complete record.

> years for the purposes of arousing or gratifying sexual desire; **or**
>
> (2) Willfully commits or attempts to commit any lewd or lascivious act upon or with the body or any part or member of the body of any child of either sex under the age of 16 years.

Vann, 660 F.3d at 772-73 (quoting N.C.G.S. § 14-202.1(a) (emphasis added). Subsection (a)(2) of this criminal statute is considered a "violent felony," while subsection (a)(1) is not. The charging document, as is appropriate, stated the statute conjunctively, rather than using the disjunctive "or." Id. at 774.

The Fourth Circuit held that the district court improperly enhanced defendant's sentence based on defendant's three previous convictions under this statute because the defendant did not necessarily plead guilty to violation of subsection (a)(2), the disjunctive "violent felony," when he pleaded guilty to the conjunctively stated charge in the indictment. Vann, 660 at 774-76. The Fourth Circuit, therefore, found that defendant's indecent liberties offenses were not ACCA violent felonies and vacated defendant's sentence. Id. at 776.

In Chapman, the Fourth Circuit addressed a criminal defendant's constitutional challenge to Section 922(g)(8), which prohibits a person who is subject to a domestic violence protective order from possessing a firearm under certain circumstances. Chapman, 666 F.3d at 223. As part of this inquiry, the Court, citing Vann, noted that "when a defendant pleads guilty to a formal charge in an indictment which alleges conjunctively the disjunctive components of a statute, the rule is that the defendant admits to the least serious of the disjunctive statutory conduct." 666 F.3d at 228 (citing Vann, 660 F.3d at 775).

Here, Petitioner was not charged in an indictment "alleging conjunctively the disjunctive components of a statute," such that it cannot be said that Petitioner necessarily pleaded guilty to possessing a firearm in furtherance of a crime of violence in violation of § 924(c). Rather,

Case 3:16-cr-00074-MOC-DSC   Document 322   Filed 04/15/20   Page 8 of 11

Petitioner was charged separately with two violations of 18 U.S.C. § 1951, one for Hobbs Act conspiracy (Count Four) and one for aiding and abetting Hobbs Act robbery (Count Five), then charged with a § 924(c) violation based on both of those predicates (Count Six). Petitioner pleaded guilty to Count Six based on the predicates stated in both Counts Four and Five. Although Hobbs Act conspiracy is not a crime of violence for § 924(c) purposes, United States v. Simms, 914 F.3d 229 (4th Cir. 2019), aid and abetting Hobbs Act robbery, as noted above, is a crime of violence. See Mathis, 932 F.3d at 266; Steward, 2019 WL 6875294 at *1. Petitioner's conviction on Count Six is, therefore, valid.

Petitioner also claims he is entitled to relief because the Indictment "[did] not explicitly express use, attempted use, or threaten use of 'physical force" because "[i]t raises the minimum and maximum penalty the Defendant can receive." [CV Doc. 1 at 5, 15 (citing Alleyne v. United States, 570 U.S. 99, 115-16 (2013))]. This argument is also barred and without merit. In Alleyne, the Supreme Court held that the fact of brandishing a firearm is an element of a § 924(c) offense because it increases the mandatory minimum penalty and, as such, must be submitted to the jury. 570 U.S. at 111-12, 115. The law on which Petitioner relies, therefore, was firmly in place at the time of Petitioner's conviction. Plaintiff has not shown cause for his failure to previously raise issues regarding the sufficiency of the indictment. Furthermore, Count Six, as charged in the Indictment does, in fact, allege that that "one or more of said firearms [used in furtherance of the crimes of violence alleged in Counts Four and Five] was brandished, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii)." [CR Doc. 3 at 4-5]. As such, Petitioner is not entitled to relief on this asserted ground.

9

Case 3:16-cr-00074-MOC-DSC   Document 322   Filed 04/15/20   Page 9 of 11

### B. Petitioner's Motion to Amend

Petitioner moves to amend his motion to vacate to assert an additional ground for relief, that is, that his counsel was ineffective for failing to inform Petitioner of the pending case, United States v. Ali, No. 15-4433, "a matter in which involves the legality of the 924(c)(3)(B) as it pertains to conspiracy to committ [*sic*] hobbs act [*sic*]." [CV Doc. 5 at 1]. In addition to being untimely, Petitioner cannot show prejudice based on any alleged insufficient performance by his attorney. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). As discussed above, Petitioner's conviction is valid regardless of the outcome of Ali, which is still pending before the Fourth Circuit.

In sum, Petitioner's conviction on Count Six is valid and will be upheld. The Court will, therefore, deny and dismiss Petitioner's Section 2255 Motion to Vacate.

### IV. CONCLUSION

For the foregoing reasons, the Court will deny and dismiss Petitioner's Section 2255 Motion to Vacate.

**IT IS, THEREFORE ORDERED** that:

(1) Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **DENIED** and **DISMISSED**.

(2) Petitioner's Pro Se Motion to Amend 2255 [Doc. 5] is **DENIED** as moot.

(3) The Government's Unopposed Motion for Leave to File a Surreply [Doc. 14] is **GRANTED**.

(4) **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338

10

Case 3:16-cr-00074-MOC-DSC   Document 322   Filed 04/15/20   Page 10 of 11

(2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS SO ORDERED.**

Signed: April 15, 2020

Max O. Cogburn Jr.
United States District Judge